Fegan v. State Mutual Life Assurance   CV-95-053-M   11/06/96
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Joyce A. Fegan

     v.                                    Civil No. 95-53-M

State Mutual Life
Assurance Company of America


                         O R D E R


     Plaintiff, Joyce A. Fegan, moves for an award of attorneys'
fees and prejudgment interest.  29 U.S.C.A. § 1132(g)(1).  The
defendant, State Mutual Life, agrees to prejudgment interest but
objects to an award of attorneys' fees.  For the reasons that
follow, plaintiff is entitled to attorneys' fees and prejudgment
interest.

     The plaintiff brought a declaratory judgment action seeking
accidental death benefits of $36,000 under an insurance policy
issued as part of an employee welfare benefit plan, governed by
ERISA.  The parties filed cross motions for summary judgment on
stipulated facts to determine whether plaintiff's decedent's
death was covered under the terms of the policy.  The court
granted summary judgment in favor of the plaintiff, ruling that,
as decedent's beneficiary, she was entitled to the accidental

death benefits under the policy.  Judgment was entered in her favor on October 1, 1996.

The plaintiff now seeks an award of attorneys' fees of $11,405.00 and prejudgment interest of $5,470.37.  The defendant agrees that the plaintiff is entitled to interest, but argues that the standard applicable in determining whether to award fees under ERISA should guide the court to decide against an award in this case.

In an ERISA action brought by a beneficiary, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C.A. § 1132(g)(1).  While the limits on the court's discretion are not statutorily defined, the First Circuit, along with most other circuits, recommends employment of a five factor test to guide the court's exercise of discretion:

> (1) the degree of bad faith or culpability of the losing party; (2) the ability of such party to personally satisfy an award of fees; (3) whether such award would deter other persons acting under similar circumstances; (4) the amount of benefit to the action as conferred on the members of the pension plan; and (5) the relative merits of the parties' positions.

Gray v. New England Tel. and Tel. Co., 792 F.2d 251, 257-58 (1st Cir. 1986).  The five factors are intended as general and flexible guidelines, and should be construed in light of the

2

remedial purposes of ERISA.  Id. at 259 ("ERISA was primarily intended to protect the interests of plan beneficiaries and participants" so a bias in the standard in favor of those parties is appropriate); see also Eddy v. Colonial Life Ins. Co. of America, 59 F.3d 201, 207 (D.C.Cir. 1995) (ERISA's remedial purpose must guide the exercise of discretion in decisions on attorneys' fees).

The first factor directs the court to examine the relative fault of the parties in causing or prolonging litigation.  In this case, the parties' dispute related to proper interpretation of the defendant's insurance policy.  Although the defendant did not decline coverage in bad faith, it was the imprecise language of the policy itself that required court intervention to resolve the question of coverage.  The fault, as it were, lies with the defendant, an insurance company that was in a position to and easily could have drafted policy terms that more clearly described what coverage was being afforded.  That is not to say that the defendant's position lacked merit; this case did present some difficult and close issues that were persuasively argued on both sides.  Nevertheless, litigation could have been avoided if the policy's operative terms had been more clearly defined.  See, e.g., 29 U.S.C.A. § 1022(a)(1) (requiring summary plan

3

descriptions to be "sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan").

Turning to the other factors, although the suit may not have been brought for the purpose of benefitting other beneficiaries and participants, the result may well prompt the defendant to clarify the intended scope of coverage under the policy. As the employee benefits at issue are provided through an insurance policy, rather than from a benefit fund, an award of attorneys' fees will not have the adverse effect of depleting a dedicated benefit fund at the expense of other plan beneficiaries and participants.

Plaintiff's counsel has requested $11,405.00 in fees related to recovering some $36,000.00 in benefits. Having determined that plaintiff was entitled to the accidental death benefit under the plan, it seems particularly appropriate to preserve the value of that benefit by allowing recovery of reasonable attorney's fees as contemplated by the applicable statute. The practical effect of requiring plaintiff to bear her own attorney's fees in this case would of course be to reduce the practical value of the benefit by about one third. Parenthetically, the defendant is perfectly capable of paying an award of attorneys' fees.

4

When, as here, a fee-shifting statute does not provide a method for quantifying "a reasonable attorney's fee," the preferred method is to calculate fees by the "time and rate" or "lodestar" method.  See Tennessee Gas Pipeline v. 104 Acres of Land, 32 F.3d 632, 634 (1st Cir. 1994) (quoting Weinberger v. Great Northern Nekoosa Corp., 925 F.2d 518, 526 (1st Cir. 1991)).  To apply the lodestar method, the court reviews the records submitted in support of a fee award to determine whether the time claimed was reasonably expended on the litigation, see Weinberger, 925 F.2d at 526-27, and whether the rate charged was reasonable under the circumstances, see Dreary v. City of Gloucester, 9 F.3d 191, 198 (1st Cir. 1993).  A party seeking an award of fees is obligated to submit sufficiently detailed records and supporting information to allow the court to properly review the request.  Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984); accord Tennessee Gas Pipeline, 32 F.3d at 634.

In this case, the plaintiff has submitted billing records that describe the work done and the time spent, and ascribe amounts due for the work.  The records do not reveal an hourly rate for each of the attorneys whose work is described and billed, and a simple comparison of the hours and amounts billed

5

suggests that the hourly rates vary. Although the defendant has not specifically objected to the amount plaintiff requests, the court is nevertheless obligated to determine the legal reasonableness of that request. While on the surface the requested amount appears to be entirely reasonable and customary under the circumstances, the plaintiff's proffer is insufficient at present to support a ruling to that effect. As a practical matter the parties might stipulate that the amount claimed, if not the claim itself, is reasonable, which should end the matter at this stage. However, the court will provide both parties an opportunity to address the reasonableness of the amount claimed if defendant disputes the claim on that basis.

## CONCLUSION

Plaintiff's motion for an award of attorney's fees (document no. 33) in the amount requested is granted, subject however to defendant's agreement as to the reasonableness of the amount claimed. Defendant's counsel shall inform plaintiff's counsel on or before November 15, 1996, whether the amount claimed is disputed on reasonableness grounds. If the amount is not disputed on such grounds, that amount shall be paid. If the amount claimed is disputed on reasonableness grounds, then

6

plaintiff shall file a detailed and well-supported addendum to her claim on or before November 22, 1996, and defendant shall file its objections to the claim on or before November 29, 1996.

(Plaintiff's counsel shall advise Deputy Clerk Mulvee or Barrett on November 18, 1996, whether the amount claimed is disputed by defendant (phone: 226-7332).)

As the defendant does not oppose the award of prejudgment interest, the plaintiff's request for interest in the amount of $5,470.37 is granted.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

November 6, 1996

cc:  John A. Bell, Esq.
     William J. Robinson, Esq.

7